### THE CARRIE L. TYLER.

(District Court, E. D. North Carolina. July 3, 1900.)

PILOTS—TENDER OF SERVICES—RIGHT TO COMPENSATION.
Code N. C. §§ 3502, 3505, which provide that if any master of a vessel, not having a pilot on board, coming over the bar and into the Cape Fear river, or up and down such river, shall refuse a pilot across the bar, such pilot shall be entitled to the same pilotage as if he had been actually employed, are not applicable to a barge without motive power, and in tow of a coastwise tug having on board a regular pilot.

In Admiralty. Libel to recover pilotage.

Thos. Evans, for libelant.

George Rountree, for respondent.

PURNELL, District Judge. The libelant, being a pilot on Cape Fear river, files his libel in rem against the barge for pilotage, under sections 3502 and 3505 of the Code of North Carolina, being a part of the act of the legislature of the state in 1784. The sections provide that when any master of a vessel, not having a pilot on board, coming over the bar and into the Cape Fear river, or up or down said river, shall refuse a pilot across the bar, then such pilot so refused shall be entitled to the same pilotage as if he had been actually employed. Libelant's proctor cites, and relies, also, on section 3522 of the Code; but this section has, by act of 1889 (chapter 285), been amended to apply to Hatteras Inlet only, and hence has no application. Libel claims several refusals on the part of the master of the barge. The Carrie Tyler is a barge owned and enrolled at Charleston, S. C., of (net measurement) 503 tons; and it is alleged that her usual cargo is from seven to eight hundred tons, dead weight. On six occasions the master refused pilotage when libelant made application before the vessel had crossed the bar, and libelant claims $240, or $40 for each occasion. The Carrie L. Tyler is a barge having two stump masts, and carrying just enough sail to steady her in a sea, but not sufficient for sailing, or to furnish motive power. She is engaged in transporting phosphate rock from Charleston, S. C., to Wilmington, N. C., and on each occasion when spoken by libelant was in tow of a regular coastwise tug, having a licensed pilot on board. The indebtedness was denied. There was no dispute of the facts.

Several interesting questions were discussed in the argument, which it is not necessary to pass upon in determining the question

at issue. Is the Carrie L. Tyler such a vessel as was contemplated in the statute? Or does the statute apply to a barge in tow of a coastwise tug having a regular pilot? If not, then the libel should be dismissed. The tug and the barge were, in contemplation of law, one ship, having a regular pilot, and during the tow the tug would have been liable for a collision. The Civilta and The Restless, 103 U. S. 699, 26 L. Ed. 599; The Minnie, 40 C. C. A. 312, 100 Fed. 128; The Plover (D. C.) 100 Fed. 883. This being well-settled admiralty law, it was not contemplated in the statute to require barges without motive power, in tow of a tug having a pilot aboard, to employ a pilot. The libel is therefore dismissed at libelant's cost. It is so ordered.