at issue. Is the Carrie L. Tyler such a vessel as was contemplated in the statute? Or does the statute apply to a barge in tow of a coastwise tug having a regular pilot? If not, then the libel should be dismissed. The tug and the barge were, in contemplation of law, one ship, having a regular pilot, and during the tow the tug would have been liable for a collision. The Civilta and The Restless, 103 U. S. 699, 26 L. Ed. 599; The Minnie, 40 C. C. A. 312, 100 Fed. 128; The Plover (D. C.) 100 Fed. 883. This being well-settled admiralty law, it was not contemplated in the statute to require barges without motive power, in tow of a tug having a pilot aboard, to employ a pilot. The libel is therefore dismissed at libelant's cost. It is so ordered.

---

## THE CARRIE L. TYLER.

(District Court, E. D. North Carolina. July 3, 1900.)

PILOTS—OBLIGATION TO TAKE PILOT—BARGE IN TOW.

    A barge without motive power, in tow of a tug having a regular pilot on board, is not within the provisions of Code N. C. §§ 3480, 3481, 3519, requiring vessels to employ a pilot in crossing the bar at the mouth of Cape Fear river, and passing up and down the river, and providing for a forfeiture where any one not being licensed acts as pilot in such case. In contemplation of law, the tug and tow are one vessel, and the pilot of the tug is the pilot of the voyage.

In Admiralty.

Thos. Evans, for libelant.

Geo. Rountree, for respondent.

PURNELL, District Judge. This is a libel in rem, under sections 3480, 3481, and 3519 of the Code of North Carolina. The facts are the same as in the cause in admiralty entitled "Walker L. Newton v. The Barge Carrie L. Tyler," argued and decided at this term (103 Fed. 326). This libel by the board was entered by virtue of sections 3480 and 3481, above cited; and the claim is for $240, because it is alleged that the barge has on three occasions refused pilotage over the bar, and up and down the Cape Fear river. Hence libelant claims it is entitled to demand, and has demanded, the forfeiture provided for in the section cited. Respondent demurred to the libel. The demurrer is sustained. The libel does not state facts which, if true, are sufficient to constitute a cause in admiralty. The section cited (3519) provides for a forfeiture for any one who, not being licensed, acts as pilot; and there is no allegation to sustain the forfeiture. And, as before decided, the barge, being a vessel without motive power, which depended upon and was propelled in its voyages by steam tugs having regularly licensed pilots, was not of the class of vessels contemplated in the statute as being required to employ a pilot. The tug and tow being, in contemplation of law, one vessel, the pilot of the tug is the pilot of the voyage. Nor is there anything in the statute which gives to libelant a forfeiture under the facts as stated. The demurrer is sustained, and the libel dismissed, at the cost of libelant. It is so ordered.